IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEROY WAITERS, #332213,     *

Plaintiff,     *

v.     *     Civil Action No. PX-18-571

WARDEN,     *

Defendant.     *

    ***

## MEMORANDUM OPINION

Self-represented Plaintiff Leroy Waiters, currently incarcerated at the Jessup Correctional Institution ("JCI") in Jessup, Maryland, brings this civil action pursuant to 42 U.S.C. § 1983 against Defendant, Warden Casey Campbell. *See* ECF Nos. 1, 3. Waiters claims that he was badly beaten by correctional officers at JCI on January 21, 2018, requiring medical attention at a hospital. *See* ECF No. 1 at 2, 3, 6; ECF No. 3 at 2. Waiters further asserts that Defendant denied his request for administrative remedy ("ARP") regarding the incident. ECF No. 1. As damages, Waiters seeks "1 million dollars in damages per officer." ECF No. 1 at 9.

On August 1, 2018, Defendant moved to dismiss the action, or alternatively for summary judgment in his favor. ECF No. 13. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Court notified Waiters that failure to respond to the motion risks dismissal of the Complaint. ECF No. 14. Waiters did not respond. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Local Rule 105.6 (D. Md. 2016). Defendant's Motion shall be granted and the Complaint shall be dismissed.

**I.**     **Background**

On February 22, 2018, Waiters initiated this action by filing with the Court a copy of a

ARP that the Defendant had previously denied. ECF No. 1. In the ARP, Waiters requested segregation, stating that "or around Jan. 21st 2018, . . . [he] was viciously beaten by at least 5 or more correctional officers." *Id.* at 2-3.[1] The date of "Jan. 21st 2018," however, appears to have been written over the date "November, 2017;" Waiters signed the ARP form on "5 Dec 2017," and it was received by the Warden's Office on December 12, 2017. *Id.*

On March 14, 2018, the Court directed Waiters to supplement his Complaint to include the names of the persons responsible for the alleged wrongdoing, the federal law or constitutional violations alleged, the dates of the alleged incidents, and facts supporting his claim. ECF No. 2. On March 27, 2018, Waiters submitted a supplement which names the "Warden" as the sole Defendant and includes the following:

> I was beat to death by these officers in JCI so bad that I was send [sic] out on the outside on 911 . . . . I was beat up by few officer [sic] at JCI and they beat me so hard I went out to Hospital on 911 to death and they lock me up on lock-up . . . .

ECF No. 3 at 2-3. The Court now reaches the merits of the pending motion to dismiss.

**II.     Analysis**

Defendant principally argues that he is immune from suit under the Eleventh Amendment to the United States Constitution. Alternatively Defendant argues that dismissal is warranted because he did not personally participate in any claimed constitutional deprivations and that even if he did, he is qualifiedly immune. ECF No. 13-1.

To the extent the Court reads the Complaint to sue Defendant in his official capacity, Eleventh Amendment immunity acts to bar suit. Pursuant to the Eleventh Amendment, a state, its agencies and departments enjoy immunity suits in federal court brought by its citizens or the citizens of another state, absent waiver of such protection. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State employees sued in their official capacity enjoy

---

[1] All citations to filings refer to the pagination assigned by the Court's electronic docketing system.

similar immunity because filing suit against an agent of the state is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Maryland has not consented to suit in federal Court for alleged constitutional violations brought pursuant to 42 U.S.C. § 1983. Consequently, Defendant in his official capacity also is immune from suit in federal court.

Alternatively, to the extent Defendant is sued for acts taken in his individual capacity, no such acts have been pleaded. Because the doctrine of respondeat superior does not apply to § 1983 claims, *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001), Defendant cannot be responsible merely for occupying the position of Warden at the time Defendant was allegedly mistreated. *See Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Reading Plaintiff's claims most favorably to him, the Warden's only alleged personal involvement concerns his previous denial of Waiters' ARP. *See* ECF Nos. 1, 3. This denial, however, does not rise to the level of a constitutional deprivation. Nor has Waiters alleged any facts that Defendant is liable pursuant to *Monell v. Department of Social Services of the City of New York*, for unconstitutional actions taken pursuant to an official policy or custom. 436 U.S. 658, 690–91 (1978).[2] Accordingly, viewing the facts as pleaded most favorably to Waiters, the Defendant simply has not acted to deprive Plaintiff of his constitutional rights. The court, therefore, dismisses the claim and declines to reach whether Defendant is also qualifiedly immune.[3]

A separate Order follows.

| 10/25/18 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |

---

[2] The Court also notes that the incident involving Waiters occurred on November 21, 2017, when the Defendant was not the Warden at JCI. ECF No. 13-1 at 2; ECF No. 13-2.

[3] Waiters may wish to file a § 1983 action against the individual correctional officers who participated in the November 21, 2017 incident. If so, he must file a separate Complaint and may use the preprinted forms available for such civil rights actions.